N. K. Fairbank Co. v. Nicolai.

---

## The N. K. Fairbank Company v. Fred Nicolai.

1. PLEADING—*Inevitable Results Need Not be Pleaded.*—If conditions are averred under which, by the laws of nature, a certain result must follow, the court will take judicial notice of the result.

2. DAMAGES—*When Not Excessive.*—Where the evidence showed damage to plaintiff's property from foul smells emanating from defendant's property, there being no standard by which the damages could be measured, and nothing in the record to show that the verdict was dictated by passion or prejudice, *it was held* that a large verdict was not ground for reversal.

Trespass on the Case, for a nuisance.   Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896.   Affirmed.   Opinion filed November 30, 1896.

OLIVER & MECARTNEY, attorneys for appellant.

J. WARREN PEASE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for creating a nuisance by foul smells emanating from noisome matter deposited— as was alleged—by the appellant upon its premises across the street from the property and residence of the appellee, and also upon the street near the property of the appellee.

It is first objected by the appellant that the declaration is insufficient, in that it does not allege that the smells came upon the property of the appellee.

It is alleged that the health and comfort of himself and family were much impaired and his property depreciated in value, and in rental value.

Now, whether the supposed defect is one that is cured by verdict, we need not inquire, for the court will take notice of the laws of nature, and that odors diffuse in the circumambient atmosphere with the certainty that water runs down hill. 12 Am. & Eng. Ency., 195.

Averring conditions under which, by the laws of nature, a certain result must follow, the court will take notice of the result.

The jury awarded $1,500 damages.

We find no error in the conduct of the trial, and the description the witnesses gave of the effect of the acts charged against the appellant, must have satisfied the jury that a man who had any other place to go to, ought not to keep his family in that neighborhood.

There is no standard by which the damages can be measured.

There is nothing in the record from which it would be a fair conclusion that the verdict was dictated by passion or prejudice.

The appellant asked, and the court refused, this instruction:

"5.    You are instructed that the law does not give damages for every inconvenience to or interruption of the rights of another. There are numerous annoyances which, in the nature and condition of society, must inevitably arise and accrue to the property of individuals which can not in themselves fix a legal liability on the person causing such inconvenience or interruption. The injury for which the law gives damages must be real, and not imaginary or whimsical. It must be material, and not simply inconvenience or trifling interruption; and unless such injury has been inflicted in this case, the jury should find for the defendant."

As an abstract question, it may be admitted that the instruction is law, but it had no foundation in the evidence. The evidence on the part of the appellant was directed, not to proving that bad smells did not prevail so as to unfit the premises of the appellee for a place of residence, but to proving that it did not cause the smells.

The judgment is affirmed.

MR. JUSTICE SHEPARD: I think about half the judgment should be remitted, or the judgment reversed.